# Application of Vacancy Act Limitations to Presidential Designation of an Acting Special Counsel

The Vacancy Act does not circumscribe the President's express authority pursuant to the Immigration Reform and Control Act of 1986 to designate an Acting Special Counsel for Immigration-Related Unfair Employment Practices.

June 8, 1989

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

This is to provide you with this Office's views on whether the limitations of the Vacancy Act, 5 U.S.C. §§ 3345-3349, are applicable to the designation of an Acting Special Counsel for Immigration-Related Unfair Employment Practices. As you know, we have recommended that the President designate Andrew M. Strojny for that position pursuant to express authority in the Immigration Reform and Control Act of 1986 ("Immigration Act"), Pub. L. No. 99-603, 100 Stat. 3359 (1986) (codified in scattered sections of 8 U.S.C.). We believe that the Vacancy Act does not circumscribe the President's authority to designate an Acting Special Counsel pursuant to the Immigration Act.

Pursuant to 8 U.S.C. § 1324b(c)(1), the Special Counsel is appointed by the President, by and with the advice and consent of the Senate. That same section also expressly authorizes the President to fill the position in the event of a vacancy.

> In the case of a vacancy in the Office of the Special Counsel the President may designate the officer or employee who shall act as Special Counsel during such vacancy.

8 U.S.C. § 1324b(c)(1).

We understand that the question has been raised as to whether the provisions of the Vacancy Act, 5 U.S.C. §§ 3345-3349, would be applicable to such a designation. The provisions of the Vacancy Act would, inter alia, require either that the "first assistant" in the Office assume the duties of the Acting Special Counsel, see id. § 3346, or that the President detail to the position an official confirmed with the advice and consent of the Senate. See id. § 3347. Moreover, the term of those who take office under the authority of the Vacancy Act is limited to a specified number of days. See id. § 3348.

144

We believe, however, that the Vacancy Act clearly does not limit the President's authority under section 1324b(c)(1). This Office has long held that the Vacancy Act does not extinguish other statutory authority for filling vacancies and that the Act's limitations do not apply to designations made pursuant to those authorities. For example, this Office concluded in 1973 that the limitations of the Vacancy Act were not applicable to the services of Solicitor General Robert H. Bork as Acting Attorney General because "by its own terms the section of the Vacancy Act containing the 30-day rule applies only to vacancies filled under the provisions of the Vacancy Act. It thus is inapplicable to vacancies filled under other statutes." Letter to Sen. Proxmire, drafted by Assistant Attorney General Robert G. Dixon, Jr., for signature by Leonard Garment, Counsel to the President. *See also Status of the Acting Director, Office of Management and Budget*, 1 Op. O.L.C. 287 (1977) (Vacancy Act not applicable to filling the vacancy in the office of Director of OMB in light of the specific statutory authority providing for filling the vacancy). The Office also relied on this analysis when it recommended in 1987 that President Reagan designate an Acting Special Counsel under the authority of section 1324b(c)(1). Letter for Arthur B. Culvahouse, Jr., Counsel to the President, from Charles J. Cooper, Assistant Attorney General, Office of Legal Counsel (Apr. 9, 1987).

We recognize that in 1988 Congress amended the Vacancy Act with the enactment of section 7 of the Presidential Transitions Effectiveness Act, Pub. L. No. 100-398, § 7, 102 Stat. 985, 988 (1988). That amendment made two changes to the Vacancy Act. First, it expanded the scope of 5 U.S.C. § 3345, which provided for the filling of vacancies in the "heads of executive departments" to include "executive agencies." Second, it extended the Vacancy Act's previous 30-day limitation on the temporary filling of vacancies under its authority to 120 days.[1]

The two changes made to the Vacancy Act in 1988 provide no basis for us to alter our conclusion that section 1324b(c)(1) is available for the appointment of an Acting Special Counsel. As noted above, the first

---

[1] 5 U.S.C. § 3348 provides, in full

    (a) A vacancy caused by death or resignation may be filled temporarily under section 3345, 3346, or 3347 of this title for not more than 120 days, except that —

        (1) if a first or second nomination to fill such vacancy has been submitted to the Senate, the position may be filled temporarily under section 3345, 3346, or 3347 of this title -

            (A) until the Senate confirms the nomination, or

            (B) until 120 days after the date on which either the Senate rejects the nomination or the nomination is withdrawn; or

        (2) if the vacancy occurs during an adjournment of the Congress sine die, the position may be filled temporarily until 120 days after the Congress next convenes, subject thereafter to the provisions of paragraph (1) of this subsection.

    (b) Any person filling a vacancy temporarily under section 3345, 3346, or 3347 of this title whose nomination to fill such vacancy has been submitted to the Senate may not serve after the end of the 120-day period referred to in paragraph (1)(B) or (2) of subsection (a) of this section, if the nomination of such person is rejected by the Senate or is withdrawn.

change concerned section 3345 of title 5, United States Code. That section now provides for the temporary filling of the "head of an Executive agency (other than the General Accounting Office)." 5 U.S.C. § 3345. Because the Special Counsel, however, is not the head of an executive agency, this amendment does not bear on the scope of the Vacancy Act with respect to this position. Nor does extending the time a person temporarily filling a vacancy under the Vacancy Act may serve render the Act applicable to designations of acting officials made under the authority of other statutes.

We acknowledge that during consideration of the recent amendments to the Vacancy Act the Senate Government Affairs Committee appeared to disagree with the Department of Justice's long-standing view that the Vacancy Act does not extinguish other general authorities relating to the appointment of officers. See S. Rep. No. 317, 100th Cong., 2d Sess. 2 (1988). We do not believe however, that a congressional committee can alter the proper construction of a statute through subsequent legislative history. See Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 117-18 & n.13 (1980). In any event, even the Senate Report recognizes that express authority for filling vacancies, such as section 1324b(c)(1), may be used notwithstanding the Vacancy Act. S. Rep. No. 317 at 14. ("The exclusive authority of the Vacancies Act would only be overcome by specific statutory language providing some other means for filling vacancies.").

In conclusion, our review of the 1988 amendments to the Vacancy Act does not change our opinion that the express authority contained in section 1324b(c)(1) is available for the President to designate an Acting Special Counsel and that the limitations in the Vacancy Act do not apply to this authority.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

146